■ In the Matter of ALBERT M. ROSENBLATT, as District Attorney of Dutchess County, Respondent, v. COMMON SENSE NEWSPAPER, INC., et al., Appellants.— In an action for an injunction under Section 22-a of the former Code of Criminal Procedure (now CPLR 6330), the appeal is from a judgment of the Supreme Court, Dutchess County, dated April 23, 1971 and made after a nonjury trial, granting plaintiff injunctive relief. Judgment reversed, on the law and the facts, without costs, and complaint dismissed. The injunction sought in this action was to prevent the sale, distribution and dissemination by appellants of the publication known as " Common Sense, January 1971, Issue #3 " to persons under 17 years of age, on the ground that the publication contained matters of an obscene and indecent character within the meaning of section 22-a of the Code of Criminal Procedure and article 235 of the Penal Law. Appellants submitted an answer admitting their distribution of the publication, but denying that it was obscene and alleging that they distributed it gratis to people under the age of 17 only by request. The trial court granted an injunction limited, however, to a ban on distribution of the publication to persons less than 17 years of age in one public high school specifically named and in

any other public grade or public high school. Plaintiff's sole witness was the principal of the named high school, who identified the publication as one he had seen in the hands of at least one youngster he knew was under 16 years of age and that, in his view, two items in the issue were obscene. Except for these two items appearing on four pages, the 32-page publication consisted of articles on the Vietnam war, the draft, alleged defective teaching in the public schools, the women's liberation movement and other polemical articles typical of the new left underground press. The thrust of plaintiff's case was that the two items, one dealing with homosexuality and the other a cartoon from the women's liberation movement, were obscene insofar as minors under 17 years of age were concerned and therefore an injunction could properly issue under section 22-a of the Code of Criminal Procedure, now CPLR 6330, against dissemination of the publication to any such persons. CPLR 6330, which authorizes the District Attorney to maintain an action for an injunction against the distribution of printed matter which is obscene, refers to such matter as that "defined in section 235.00 of the penal law," which latter section defines matter as "obscene" if: (a) considered as a whole, its predominant appeal is to prurient, shameful or morbid interest in nudity, sex, excretion, sadism or masochism and (b) it goes substantially beyond customary limits of candor in describing or representing such matter and (c) it is utterly without redeeming social value. The same section also provides that "predominant appeal" shall be judged with reference to ordinary adults unless it appears, from the character of the material or the circumstances of its dissemination, to be designed for children or other specially susceptible audiences. CPLR 6330 does not refer to section 235.20 of the Penal Law, which defines terms applicable to sales of obscene material to minors under 17 years of age. Section 235.20 defines "nudity" as the showing of the human male or female genitals; and "harmful to minors" as that quality of any description or representation, in whatever form, of nudity, sexual conduct, sexual excitement or sado-masochistic abuse, when it (a) predominantly appeals to the prurient, shameful or morbid interest of minors and (b) is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable material for minors and (c) is utterly without redeeming social importance for minors. Nor is section 235.21 of the Penal Law referred to in CPLR 6330. Section 235.21 classifies the dissemination of obscene material to minors *for monetary consideration* as a class E felony.*
CPLR 6330 must be enforced in light of the statutory definition of obscenity of section 235.00 applicable to the adult community generally, embodying the threefold constitutional standard set up in *Roth* v. *United States* (354 U. S. 476) and *Memoirs* v. *Massachusetts* (383 U. S. 413). The character of the material appearing in the publication the distribution of which was enjoined, the article on homosexuality and the cartoon, is not such that its "predominant appeal" is to the prurient, shameful or morbid interest of minors; nor can we say that it is utterly without redeeming social value, especially in the light of the other articles appearing in the issue. Accordingly, the judgment should be reversed and the complaint dismissed. Hopkins, Acting P. J., Munder and Shapiro, JJ., concur; Christ, J., dissents and votes to affirm, with the following memorandum, in which Brennan, J., concurs: I think the judgment, which restrains defendants from distributing copies of the publication to persons under

---

* The requirement that distribution to minors must be accompanied by receipt of a monetary consideration seems to make little sense, since the harm to minors against which the Legislature directed the statute would result from the dissemination to minors whether free or not.

the age of 17 years upon school grounds, should be affirmed for the reasons stated by Mr. Justice Hawkins at Trial Term, particularly because of the material in the publication which urges its readers to become homosexuals and to engage in homosexual activity. This material constitutes an overt encouragement to those who read it to commit acts defined as crimes by the laws of the State of New York and, on that ground alone, an injunction should lie (see, e.g., Penal Law, §§ 100.00, 130.00, 130.38). When one considers that this material is to be placed in the hands and in the minds of young and impressionable children, it holds the gravest implications against their future lives. Homosexuality is absolutely contrary to the mores of our society and I can see no possible redeeming social value in literature which extols it as a desirable way of life and seeks to persuade our children to engage in deviant sexual practices with members of their own sex. There are, of course, people who are bent in this fashion; people who, for physiological or psychological reasons, are locked into patterns of sexual conduct disapproved by the overwhelming majority of our people as deviant and unnatural. Those who practice homosexuality have complete freedom of expression to seek understanding and to secure full social and economic equality without discrimination, but they should not be entitled to extol the alleged virtues and pleasures of homosexuality to the young whose judgment is still in the formative stages of emerging awareness of life. It may well be that young people will reject these glowing indorsements of homosexuality, as many of them reject the sellers of narcotic drugs, but there are enough new homosexuals being created without the circulation in the schools and on the school grounds of so-called newspapers seeking to convert our youth to this aberrant way of life. The inclusion of this objectionable material with other articles that would not be the subject of an injunction does not make it any less improper. It should have been deleted entirely. [66 Misc 2d 59.]